UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSUE M. GARCIA MORET (A-094-898-971),

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

No.  1:26-cv-4187 DC CSK

ORDER AND FINDINGS & RECOMMENDATIONS

Petitioner Josue M. Garcia Moret (A-094-898-971), a citizen and native of Cuba, entered the United States in 2009, and filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  On November 18, 2010, petitioner was granted Legal Permanent Resident Status.  On April 23, 2024, petitioner was convicted of possession of a controlled substance in violation of Florida Statute § 893.13(6)(a).  On May 7, 2026, petitioner was transferred from the custody of the Hillsborough County Sheriff's Department to U.S. Immigration and Customs Enforcement ("ICE").  This habeas action concerns petitioner's detention.  For the reasons that follow, the Court recommends denying the petition for a writ of habeas corpus.

///

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.    FACTUAL BACKGROUND

Petitioner is a national and citizen of Cuba.  (ECF No. 8 at 54.)  On May 1, 2009, petitioner entered the United States without inspection and was detained by U.S. Customs and Border Protection.  (Id. at 13.)  Petitioner was subsequently released.  (Id.)  On November 18, 2010, petitioner was granted Legal Permanent Resident Status.  (Id. at 54.)  On July 12, 2023, in Hillsborough County Circuit Court case no. 23-CF-009351, in count two, petitioner was charged with violating Florida Statute § 893.13(6)(a), possession of a controlled substance, methamphetamine.  (Id. at 39-41.)  On April 23, 2024, in Hillsborough County Circuit Court case no. 23-CF-009351, petitioner pled guilty to count two: violating Florida Statute § 893.13(6)(a) (possession of a controlled substance).  (Id. at 48-50.)  Petitioner was sentenced to 60 days in jail with credit for time served.  (Id. at 48.)  After this conviction, petitioner renewed his Legal Permanent Resident Card until 2034.  (ECF No. 1 at 5-6.)  On April 16, 2026, petitioner was arrested by the Hillsborough County Sheriff's Department and charged with aggravated assault with a deadly weapon and aggravated battery causing bodily harm.  (ECF No. 8 at 35-36.)  On May 5, 2026, these charges were dropped.  (Id. at 36-37.)  On May 7, 2026, petitioner was transferred from the custody of the Hillsborough County Sheriff's Department to ICE.  (Id. at 13.)  On May 7, 2026, petitioner was issued a Notice to Appear charging petitioner as being subject to removal pursuant to Immigration and Nationality Act ("INA") section 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), in that petitioner was convicted of violating a law relating to a controlled substance as defined by Section 102 of the Controlled Substances Act, 21 U.S.C. § 802.  (Id. at 54-57.)  The Notice to Appear identifies petitioner's conviction as his April 23, 2024 conviction for possession of a controlled substance, to wit, methamphetamine, in violation of Florida Statute § 893.13(6)(a).  (Id. at 54.)

## II.    PROCEDURAL BACKGROUND

On June 1, 2026, petitioner filed the petition for writ of habeas corpus and a motion to appoint counsel.  (ECF Nos. 1, 3.)  On June 11, 2026, respondent filed an answer to the petition.  (ECF No. 8.)  On June 15, 2026, petitioner filed exhibits in support of the petition.  (ECF No. 9.)  On June 29, 2026, petitioner filed a reply/traverse.  (ECF No. 11.)  Briefing is now complete.

2

### III.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

### IV.   DISCUSSION

Petitioner raises a Fifth Amendment due process claim for prolonged detention. (See ECF No. 1 at 16-17.) Respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(A) because his conviction for possession of a controlled substance renders him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II). (ECF No. 8 at 2-5.) Respondents argue that if the Court concludes that 8 U.S.C. § 1226(c) is not applicable, petitioner remains subject to detention under 8 U.S.C. § 1226(a). (Id. at 5-7.) Respondents also argue that petitioner should be required to exhaust administrative remedies. (Id. at 5, 7.) Finally, respondents argue that detention is not prolonged where petitioner has been detained since May 7, 2026. (Id. at 8-9.)

#### A.   Due Process Claim

In analyzing petitioner's challenge to his detention, the court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(A) because his controlled substance conviction renders him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II). (ECF No. 8 at 3.)

Section 1226(c)(1) mandates detention for "any alien who—is inadmissible by reason of having committed any offense covered in Section 1182(a)(2) of this title." 8 U.S.C.

§ 1226(c)(1)(A). Section 1182(a)(2) provides that a noncitizen is ineligible for admission if he or she has committed certain crimes, including, as relevant here, having been convicted or having admitted to having committed "a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21)." 8 U.S.C. § 1182(a)(2)(A)(i)(II). Section 802 of Title 21 defines a "controlled substance" as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." 21 U.S.C. § 802(6).

In the petition, petitioner does not challenge his detention under 8 U.S.C. § 1226(c)(1)(A). (See ECF No. 1.) For this reason, this Court assumes without deciding that petitioner's conviction for violating Florida Statute § 893.13(6)(a) subjects petitioner to mandatory detention under 8 U.S.C. § 1226(c)(1)(A).[2]

In the answer, respondents argue that if petitioner claims he is not subject to mandatory detention under 8 U.S.C. § 1226(c), petitioner can challenge his mandatory detention under Matter of Joseph, 22 I. & N. Dec. 799 (BIA), in a "Joseph Hearing." (ECF No. 8 at 5, 7.) Respondents argue that at a Joseph Hearing, petitioner can demonstrate that he is not convicted of a predicate crime, or that the government is otherwise substantially unlikely to establish that he is not in fact subject to mandatory detention.[3] (Id.) Respondents argue that this Court should find

---

[2] This Court observes that in Chamu v. U.S. Attorney General, 23 F.4th 1325 (11th Cir. 2022), the Eleventh Circuit found that a noncitizen's conviction for possession of cocaine in violation of Florida Statute § 893.13(6)(a) related to a controlled substance as defined by federal law under 8 U.S.C. § 1182(a)(A)(i)(II). In Chamu, the Eleventh Circuit examined the alleged differences in statutory language between Florida's definition of cocaine and the federal definition. See 24 F.3d at 1329-33. The Eleventh Circuit also rejected the noncitizen's argument that the Florida statute and federal statute differed in that the Florida statute did not require the state to prove that a defendant knew the possessed substance was illegal. See F.3d at 1333-34. This Court need not determine whether petitioner's conviction for possession of methamphetamine in violation of Florida Statute § 893.13(a)(6) is related to a controlled substance as defined by federal law because petitioner does not raise this claim and, were petitioner to raise this claim, petitioner would first be required to administratively exhaust this claim by way of a Joseph hearing, as discussed below.

[3] The Supreme Court has explained that: "This 'Joseph hearing' is immediately provided to a detainee who claims that he is not covered by § 1226(c). At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." Demore v. Kim, 538 U.S. 510, 514 n.3 (2003).

that petitioner failed to exhaust his administrative remedies by failing to seek a Joseph Hearing in immigration court.  (Id.)  Contrary to respondents' argument, as discussed above, petitioner does not challenge his detention under 8 U.S.C. § 1226(c) in this action.  Petitioner argues that his prolonged detention violates his right to due process under the Fifth Amendment.  For that reason, this Court finds that petitioner was not required to exhaust administrative remedies by pursuing a Joseph Hearing before filing the instant petition.  Compare Cruz v. Sessions, 2018 WL 6047287, at *3-5 (N.D. Cal. Nov. 18, 2018) (where petitioner argued that his criminal conviction did not qualify as a crime of moral turpitude warranting mandatory detention under § 1226(c), finding that petitioner had not exhausted his administrative remedies in challenging his detention pursuant to 8 U.S.C. § 1226(c) because he had not yet received a decision on his appeal to the BIA).

Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing."  Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018).

This does not end the inquiry, however, because petitioner has raised a due process claim.  While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified."  Id. at 532.  In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)."  Loba L.M. v. Andrews, et al., No. 1:25-cv-0611 JLT SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)).  "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits

5

have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, et al., No. 1:26-cv-1192 DJC CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines

the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)).  At the date petitioner filed his petition, he was detained less than one month.  (ECF No. 1.)  At the date of these findings and recommendations, petitioner has been detained approximately two months.

Because petitioner has been detained less than six months, this Court finds that petitioner does not yet have a protected liberty interest in freedom from detention.  Courts finding protected liberty interests in freedom from detention under § 1226(c) have based their findings on detention longer than six months.  See Pacheco v. Warden, 2026 WL 1067486, at *4 (E.D. Cal. Apr. 17, 2026), findings and recommendations adopted, 2026 WL 1169236 (E.D. Cal. Apr. 28, 2026) (finding petitioner detained for over one year pursuant to §1226(c) had protected liberty interest); Lopez v. Warden, 2026 WL 834573, at * 3 (E.D. Cal. Mar. 26, 2026) (finding petitioner detained for over ten months pursuant to § 1226(c) had protected liberty interest); Palencia v. Warden, 2026 WL 818580, at *3 (E.D. Cal. Mar. 25, 2026), findings and recommendations adopted, 2026 WL 939469 (E.D. Cal. Apr. 7, 2026) (finding petitioner detained for over eight months pursuant to § 1226(c) had protected liberty interest); Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months).  Because petitioner has not demonstrated a liberty interest based on his detention, the petition for writ of habeas corpus should be denied.  See Rakeshkumar H.P. v. Warden, 2026 WL 1146201, at *1-2 (E.D. Cal. Apr. 28, 2026) (finding no liberty interest where petitioner detained for a little over two months pursuant to § 1226(c)).

Respondent also argues that if the Court concludes that  § 1226(c) is inapplicable, petitioner is subject to detention under 8 U.S.C. § 1226(a).  (ECF No. 8 at 5-7.)  This Court does not address this argument because petitioner does not challenge his detention under 8 U.S.C. § 1226(c).

## V.    MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel.  (ECF No. 3.)  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105

7

F.3d 453, 460 (9th Cir. 1996).  Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

**VI.    CONCLUSION**

In summary, the Court recommends that the petition for writ of habeas corpus be denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

IT IS HEREBY RECOMMENDED that:

1.   The petition for writ of habeas corpus (ECF No. 1) be DENIED.

2.   The Clerk of the Court be directed to enter judgment in favor of Respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **14 days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 6, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

More4187.157.imm(2)/2